REED & REED v. McKEE et al. (No. 2000.)

(Court of Civil Appeals of Texas. Texarkana. June 13, 1918.)

1. JUDGMENT ⬤⇒375—DEFAULT JUDGMENT—VACATION.

A party, who is prevented from making a valid defense by misrepresentations or fraud or misconduct of the opposite party, unmixed with negligence on his part, may have the judgment vacated after term of court at which rendered.

2. JUDGMENT ⬤⇒393—VACATION.

On petition to vacate judgment and enjoin enforcement, it is the court's duty to determine the rights of the parties to a judgment on the pleadings and evidence, and it is error to enjoin enforcement of the judgment without a hearing.

Appeal from Titus County Court; J. W. Tabb, Judge.

Action by Reed & Reed against Mrs. N. J. McKee and others. Judgment for defendants, and complainants appeal. Reversed and remanded.

The appellants, who were practicing attorneys, sued the appellees for the value of alleged legal services rendered in the prosecution of a civil action in the district court. The appellees, defendants below, did not make answer to the suit and did not appear on the call of the case for trial, and a judgment by default was entered in favor of the plaintiffs on May 22, 1917. An execution issued on the judgment on June 16, 1917, and was levied on real estate owned by N. J. McKee. Then on July 13, 1917, the said defendants filed a petition setting up the former suit and the default judgment and alleging certain misrepresentations on the part of the plaintiffs that solely prevented the defendants from appearing and making a defense to the suit. The defense, as alleged, was:

"That they (defendants in the original suit) do not and did not owe the defendants (plaintiffs in judgment in the original suit) five hundred dollars, nor did they agree to pay five hundred dollars to defendants, but that said contract was based on a contingency that never happened if the contract was made."

The petition prayed for injunction restraining the enforcement of the execution and for general relief. The appellants answered by demurrer, general denial, and specially averring that valuable legal services were rendered under contract to do so. The case was tried to the court without a jury, and upon the finding of misrepresentation as alleged there was judgment entered perpetually enjoining the enforcement of the judgment.

S. P. Pounders, of Mt. Pleasant, for appellants. Rolston & Brown, of Mt. Pleasant, for appellees.

LEVY, J. (after stating the facts as above). [1, 2] It is the rule that a party who is prevented from making a valid defense by misrepresentations or fraud or misconduct of the opposite party, unmixed with negligence or fault on his part, may have the judgment vacated after the term of the court at which the judgment was rendered. Plummer v. Power, 29 Tex. 7; Burnley v. Rice, 21 Tex. 171. And under this rule, in case the court may be authorized to vacate the judgment, it is the duty of the court to determine the right of the parties to a judgment on the pleadings and evidence, for the purpose of vacating the original judgment is to allow the defendants to present their defense to the suit. But here the court perpetually enjoined the judgment and put an end to any relief to the plaintiff on the original cause of action without determining the merits of

the suit. And according to appellees' own evidence, the appellants were entitled to a judgment in some amount for legal services.

It is believed the court erred in perpetually enjoining the enforcement of the judgment sued on and in not determining the rights of the plaintiffs to a judgment under the evidence. It is suggested that the appellees' petition should be amended so as to have the proper prayer for relief. The effect of the prayer as it stands is for perpetual injunction only, though the petition set up all the facts on which the appellees base their claim for relief.

The judgment is reversed, and the cause remanded for a new trial.